**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 29, 2015

LETTER TO COUNSEL

    RE:    *Becky Neyer v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-3343

Dear Counsel:

On October 24, 2014, Plaintiff Becky Neyer petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Neyer's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Neyer filed a claim for Supplemental Security Income ("SSI") on August 14, 2009. (Tr. 150-56). She alleged a disability onset date of July 1, 2009. (Tr. 13, 150). Her claim was denied initially and on reconsideration. (Tr. 88-91, 96-97). A hearing was held on April 30, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 28-75). Following the hearing, the ALJ determined that Ms. Neyer was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-23). The Appeals Council denied Ms. Neyer's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Neyer suffered from the severe impairments of bipolar disorder, anxiety disorder, and history of polysubstance abuse in remission. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Neyer retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with some nonexertional limitations. She is limited to carrying out simple tasks in two-hour increments (which can be accommodated by regularly scheduled breaks) and having occasional interaction with coworkers and supervisors but only superficial contact with the general public. She can adapt to simple changes in a routine work setting.

*Becky Neyer v. Commissioner, Social Security Administration*
Civil No. SAG-14-3343
September 29, 2015
Page 2

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Neyer could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Neyer raises two arguments on appeal. First, Ms. Neyer argues that the ALJ erred by assigning different weight to various portions of Dr. Hirsch's opinion. (Tr. 5, 7-10). Next, Ms. Neyer argues that the ALJ erred by failing to accord adequate weight to the opinions of two of her treating healthcare providers, Veronica Murphy, LCPC, and Dr. Charles Oseroff. (Tr. 5, 11-14). Each argument lacks merit and is addressed below. Furthermore, I have reviewed the ALJ's decision under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and find no error warranting remand.

Regarding Dr. Hirsch's opinion, Ms. Neyer argues that the ALJ erred because she "selectively chose what she wanted to rely on from this opinion. Anything in the report that was favorable to the claimant, the ALJ either ignored or stated that she assigned it little weight, but anything that was unfavorable to the claimant, the ALJ assigned significant weight." Pl. Mem. 9. Specifically, Ms. Neyer contends that the ALJ failed to mention Dr. Hirsch's opinion that Ms. Neyer's prognosis was guarded to poor, and that any money awarded should be handled by a guardian due to Ms. Neyer's lack of capability. *Id.* In addition, Ms. Neyer argues that the ALJ erred in assigning little weight to Dr. Hirsch's Global Assessment of Functioning ("GAF") score of 40 because the record contains other GAF scores below 50 from other providers.[1] *Id.* at 10.

There is no requirement that an ALJ adopt or give great weight to a medical opinion in its entirety. Rather, the regulations only require that the ALJ gives good reasons for the weight she gives a medical opinion. 20 C.F.R. § 404.1527. Likewise, it not my role to reweigh the evidence or to substitute my judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Based on these standards, I find that the ALJ provided substantial evidence for the weight given to different parts of Dr. Hirsch's opinion. In analyzing Dr. Hirsch's opinion, the ALJ gave great weight to his opinion that Ms. Neyer is able to understand simple instructions, but might have some difficulties with more complex instructions, and that Ms. Neyer does not appear to be someone who would be an ongoing, persisting distraction to others in the workplace. (Tr. 21). The ALJ also gave great weight to his findings that Ms. Neyer is unable to read beyond a fifth grade level but is not illiterate. *Id.* (citing Tr. 284-85). With respect to these findings, the ALJ stated, "I accord significant weight to this assessment, as it is consistent with the findings herein specifically that the claimant is limited to carrying out simple tasks in two-hour increments." *Id.* The ALJ then noted Dr. Hirsch's opinion that the Ms. Neyer had borderline intellectual functioning. The ALJ gave this portion of the opinion little weight, noting that the assessment of borderline intellectual functioning was not supported by any objective clinical findings, such as intellectual tests. *Id.* Furthermore, the ALJ dismissed Dr. Hirsch's opinion that Ms. Neyer had a GAF score of 40 as inconsistent with the evidence of

---

[1] Ms. Neyer notes that the record contains three GAF scores of 40; four GAF scores of 50; and eight GAF scores of 55. Pl. Mem. 10.

*Becky Neyer v. Commissioner, Social Security Administration*
Civil No. SAG-14-3343
September 29, 2015
Page 3

record. *Id.* The ALJ then proceeded to discuss inconsistencies between the diagnostic definition of GAF scores between 31 and 40, and Ms. Neyer's demonstrated functional abilities.[2] *Id.* Regarding the ALJ's failure to mention Dr. Hirsch's opinion that Ms. Neyer's prognosis was poor and that she would not be able to manage a monetary award, I find harmless error. These opinions of Ms. Neyer's abilities are consistent with a GAF score of 40 and a finding of borderline intellectual functioning, which the ALJ dismissed as inconsistent with the record. Accordingly, I find no error in the ALJ's analysis of Dr. Hirsch's opinion.

Turning to Ms. Neyer's second argument, I find that the ALJ provided adequate explanation for assigning the opinions of her treating providers little weight. (Tr. 11-14). In weighing medical opinions, an ALJ is to consider a host of factors including examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. § 404.1527. The opinions of treating physicians are generally given greater weight than the opinions of examining physicians because they are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)…" *Id.* When a treating source's opinion is not given controlling weight, the other factors are applied to determine the appropriate weight to give the opinion. *Id.* In the instant case, the ALJ provided a thorough discussion of Ms. Murphy's opinion of Ms. Neyer's mental limitations, as well as her treatment notes, throughout the decision. In assigning Ms. Murphy's opinion little weight, the ALJ noted that Ms. Murphy's treatment began after a gap in Ms. Neyer's mental health treatment, which included non-compliance with medication. (Tr. 21). Thus, the ALJ felt that Ms. Murphy's assessment was not representative of Ms. Neyer's functioning over the course of the relevant period. The ALJ also discounted Ms. Murphy's opinion because she is not an "acceptable source" under the regulations. (Tr. 21); *see* 20 C.F.R. § 416.913(a). Ms. Neyer argues that this is error because Ms. Murphy's opinion was endorsed by a treating psychiatrist, Dr. Oseroff, who stated, "I concur with the assessment filled out by Veronica Murphy, LCPC on March 13, 2013." Pl. Mem. 13 (citing Tr. 436). Although I acknowledge the ALJ's failure to discuss Dr. Oseroff's endorsement of Ms. Murphy's opinion, I find this also to be harmless error. The ALJ provided substantial evidence for discounting Ms. Murphy's opinion, aside from the fact that she is not an "acceptable source," and the same reasons apply equally to Dr. Oseroff's endorsement. Accordingly, I find that the ALJ properly applied the factors outlined in the Social Security regulations, and provided substantial evidence in assigning little weight to Ms. Murphy's and Dr. Oseroff's opinions.

In addition to Ms. Neyer's arguments, I have also considered whether the ALJ's decision is sufficient under the parameters of the Fourth Circuit's decision in *Mascio v. Colvin.* 780 F.3d 632. Pertinent to this case, the Fourth Circuit held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (citation omitted). The Fourth Circuit reasoned that "the ability to perform simple tasks differs from the ability to stay

---

[2] In addition, I note that Ms. Neyer's analysis of the GAF scores throughout the record also provides substantial evidence for the ALJ's finding that a GAF score of 40 is inconsistent with the record. Ms. Neyer was assessed as having a GAF score of 55 a majority of the time, and she failed to distinguish which GAF scores coincided with periods of non-compliance with treatment and medication.

*Becky Neyer v. Commissioner, Social Security Administration*
Civil No. SAG-14-3343
September 29, 2015
Page 4

on task." *Id.* However, the Court noted that an ALJ might be able to cure the error by explaining why the limitation to simple work addresses the claimant's moderate limitation in concentration, persistence, or pace. *Id.* In the instant case, Ms. Neyer has severe mental impairments of bipolar disorder, anxiety disorder, and a history of polysubstance abuse in remission. (Tr. 15). The ALJ found that she has a moderate limitation in maintaining concentration, persistence, or pace. (Tr. 16). Among her non-exertional limitations, the ALJ found that Ms. Neyer was limited to "carrying out simple tasks in two-hour increments (which can be accommodated by regularly scheduled breaks)…." (Tr. 17). Based on the parameters of *Mascio*, 780 F.3d 632, I find that the ALJ adequately accounted for Ms. Neyer's moderate limitation in concentration, persistence, or pace by limiting her to performing simple tasks in two-hour increments. By limiting the sustained duration of Ms. Neyer's work to two hours, the ALJ adequately accounted for her limited ability to stay on task. Accordingly, I find no error warranting remand.

Also pertinent to this case, the Fourth Circuit remanded *Mascio* because the ALJ erred by determining the claimant's RFC before assessing her credibility. 780 F.3d at 639. Specifically, the Court took issue with boilerplate language stating that the "limiting effects of [the claimant's] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* The *Mascio* Court noted that the error would be harmless if the ALJ properly analyzed the claimant's credibility elsewhere. *Id.* Similar language appears in the ALJ's discussion of Ms. Neyer's RFC assessment. Specifically, the ALJ stated that Ms. Neyer's "mental status examination findings are mostly essentially normal and the overall record evidence supports that she is able to function within the defined residual functional capacity assessment." (Tr. 18). Even so, I find that the ALJ provided a detailed analysis of Ms. Neyer's medical history and highlighted inconsistencies between her allegations and objective medical findings. (Tr. 20-24). Accordingly, I find that the ALJ properly assessed Ms. Neyer's credibility, and find no error under *Mascio*.

For the reasons set forth herein, Ms. Neyer's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge